IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACEY THOMAS, | : | CIVIL ACTION |
| | : | NO. 19-1634 |
| Petitioner, | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al., | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this **16th** day of **August, 2021,** upon consideration of the petition for a writ of habeas corpus (ECF No. 1) and the Commonwealth's response (ECF No. 16), and after review of the Report and Recommendation of U.S. Magistrate Judge Richard A. Lloret[1] (ECF No. 23), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[2]

---

[1] This Court vacated Judge Lloret's original Report and Recommendation (Doc. No. 20) and granted the Petitioner's motion for extension of time to file a reply (Doc. No. 21). Petitioner failed to file a reply, and Judge Lloret therefore re-filed his Report and Recommendation on July 30, 2021.

[2] When neither party files timely objections to a magistrate judge's report and recommendation ("R&R") on a dispositive issue, the district court is not required to review the R&R before adopting it. Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). However, the Third Circuit has held that "in the absence of objections . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also Fed. R. Civ. P. 72, 1983 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In that neither party has filed objections to the R&R, this Court has reviewed it for clear error and has found none.

2. Mr. Thomas's Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED** with prejudice by separate Judgment, filed contemporaneously with this Order. See Fed. R. Civ. P. 58(a); Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

3. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because "the applicant has [not] made a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), since he has not demonstrated that "reasonable jurists" would find the "assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see United States v. Cepero, 224 F.3d 256, 262-63 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012); and

4. The Clerk of Court shall mark this case closed.

    **AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
_____
**EDUARDO C. ROBRENO, J.**