IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRACEY THOMAS,**  *Petitioner,*  v.  **JOHN E. WETZEL, et al.,**  *Respondents.* | Civil No. 19-1634 |

**MEMORANDUM**

**COSTELLO, J.**                                                                                          **August 4, 2025**

On October 28, 2024, Petitioner Tracey Thomas filed a pro se motion under Federal Rule of Civil Procedure 60(b), arguing that the Court erred by denying his habeas petition without a hearing. Respondents argue that Thomas' motion should be dismissed because it is in effect a second or successive habeas petition. United States Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation ("R&R") recommending that the Court deny the motion. Thomas filed objections. After thoroughly reviewing the record, the Court overrules Thomas' objections, adopts the R&R, and denies the motion.

I.      **BACKGROUND**

Tracey Thomas brandished a gun and robbed Donald Odom while he was sitting at the bar of the Crab House Bar in Philadelphia. ECF No. 16-1 at 2. A jury sitting in the Court of Common Pleas of Philadelphia County convicted Thomas of robbery, firearms to be carried without a license, carrying firearms on public streets in Philadelphia, and possession of an instrument of crime. *Id*. at 1, 5. The trial court sentenced him to eighteen and a half to thirty-seven years' imprisonment. The Pennsylvania Superior Court affirmed.

Thomas then filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541 *et seq*. ECF No. 16-2 at 3. The PCRA Court denied his petition. On PCRA appeal, Thomas, in part, argued that his trial counsel was ineffective at sentencing for failing to object to the court's supposed reliance on unadjudicated and juvenile offenses committed before age fourteen. ECF No. 23 at 17. The Superior Court affirmed, finding that the sentencing court properly considered and applied Pennsylvania's sentencing factors.

On April 16, 2019, Thomas filed a federal habeas petition setting forth six claims for relief.[1] ECF No. 1 at 24-27. In relevant part, he argued that his counsel was ineffective for failing to object to the use of unadjudicated offenses during sentencing. *Id*. at 26. United States Magistrate Judge Richard A. Lloret recommended that the petition be denied, finding the ineffective assistance claim both procedurally defaulted and meritless. Thomas did not file objections. The Honorable Eduardo C. Robreno adopted the report and recommendation and denied the petition.

Thomas now seeks relief under Rule 60(b), arguing that there was "a defect in the integrity of the habeas proceeding." Specifically, he claims the Court should have held a hearing related to his claim of ineffective assistance of counsel for failing to object to the use of unadjudicated offenses at sentencing. Magistrate Judge Hey found Thomas' claim to be meritless and has recommended denial. ECF No. 32.

## II.    LEGAL STANDARDS

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews the

---

[1] Thomas filed his habeas petition while his PCRA was still pending. The Court stayed Thomas' habeas proceeding until the completion of his PCRA case. ECF No. 10.

2

portions of the R&R to which Thomas objects *de novo*. *See id*.; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Under Federal Rule of Civil Procedure 60(b), the Court may grant relief from a final judgment, order, or proceeding for, among other reasons, any "reason that justifies relief." FED. R. CIV. P. 60(b)(6). Such relief is available only in "extraordinary circumstances." *Jackson v. Danberg*, 656 F.3d 157, 165 (3d Cir. 2011) (citation omitted). Specifically, a petitioner must show that "'extreme' and 'unexpected' hardship will result absent such relief." *Id*. at 165-66 (citation omitted).

### III.   DISCUSSION

Thomas contends that there was a "defect in the integrity of the habeas proceeding" because the Court declined to hold an evidentiary hearing on his ineffective assistance of counsel claim. A habeas petitioner is not automatically entitled to an evidentiary hearing. *See Fooks v. Superintendent Smithfield SCI*, 96 F.4th 595, 598 (3d Cir. 2024). A district court need not hold an evidentiary hearing "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Further, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Taylor v. Horn*, 504 F.3d 416, 446 (3d Cir. 2007) (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)). To warrant a hearing, the petitioner must make "a *prima facie* showing that would enable him to prevail on the merits of [his] claim." *Id*. (quoting *Morris v. Beard*, 633 F.3d 185, 195 (3d Cir. 2011)).

Thomas failed to make this showing. His underlying ineffectiveness claim is based on counsel's failure to object to the sentencing court's supposed consideration of "unadjudicated offenses." However, the due process clause does not prohibit a sentencing court from

considering unadjudicated conduct. ECF No. 32 at 4; ECF No. 23 at 18-19 (citing *Williams v. People of State of N.Y.*, 337 U.S. 241, 250-51 (1949) (evidence of the defendant's involvement in 30 previous burglaries for which he had not been convicted influenced the sentencing court's decision to impose the death penalty); *Nichols v. United States*, 511 U.S. 738, 747 (1994) ("We have upheld the constitutionality of considering such previous conduct in [*Williams*]."); *United States v. Lujan*, 603 F.3d 850, 856 (10th Cir. 2010) (unadjudicated conduct may be considered at sentencing)). Accordingly, trial counsel could not have been ineffective for failing to raise a meritless due process claim. *Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Moreover, the Pennsylvania Superior Court found that the sentencing transcript contained no reference to "unadjudicated offenses."[2] ECF No. 16-2 at 8. To the extent that the sentencing court considered "related cases," the Superior Court clarified that "the sentencing court was required to consider [his] juvenile record when determining his prior record score" and fashioning an appropriate sentence under Pennsylvania law. *Id*. at 9 (quoting *Commonwealth v. Lilley*, 978 A.2d 995, 1000 (Pa. Super. Ct. 2009) ("[A] child who continues his pattern of serious and violent anti-social activity into adulthood, should not receive the benefit of a cloak of immunity regarding that behavior, when it is relevant to predicting future behavior and the public safety is at risk.")).

---

[2] On direct appeal, the Superior Court rejected Thomas' challenges to his sentence and found that the sentencing court properly exercised its discretion after considering the sentencing guidelines and sentencing factors, including the gravity of the offense, danger to the community, impact on the victim, and Thomas' criminal history and rehabilitative needs. ECF No. 16-1 at 25-28. Additionally, Thomas' sentence was not clearly unreasonable, irrational, or unsound. *Id*. at 28.

A state court's determination of state law is binding on a federal habeas court. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991) ("[W]e emphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). An evidentiary hearing on Thomas' habeas petition would not have altered the state court of appeals' analysis. As a result, Thomas' claim that the habeas court erred in denying his petition without a hearing is meritless.

According to the R&R, Thomas "failed to allege any facts that, if established at a hearing, would justify relief on his IAC claim." ECF No. 32 at 5. Though Thomas objects to this finding, he has failed to identify any specific evidence he would offer at a hearing that would affect the outcome of his claim. His speculation that the sentencing judge imposed a longer sentence based on unadjudicated conduct is insufficient to warrant a hearing.

Thomas' objections rely on three Pennsylvania Superior Court decisions in which counsel was ineffective for failing to preserve meritorious sentencing issues. But in each case, there was a clear legal error. *See Commonwealth v. Barnes*, 593 A.2d 868, 871 (Pa. Super. Ct. 1991) (sentencing court used incorrect offense gravity score); *Commonwealth v. Kozarian*, 566 A.2d 304, 307 (Pa. Super. Ct. 1989) (sentencing court calculated incorrect prior record score); *Commonwealth v. Batterson*, 601 A.2d 335, 338 (Pa. Super. Ct. 1992) (sentencing court improperly considered a vehicle a weapon before applying deadly weapons enhancement). No such error occurred here. On direct appeal, the Superior Court found that the sentencing court properly considered the facts, nature of the offense, risk to the public, and Thomas' history before imposing its sentence. On PCRA appeal, it rejected Thomas' claim that counsel was ineffective for failing to object. *Barnes*, *Kozarian*, and *Batterson* are therefore inapposite and do not undermine the reasoning of the R&R.

Finally, Thomas says there is no question of "arguable merit because the Commonwealth never challenged arguable merit." ECF No. 27 at 3. The record shows otherwise.[3] ECF No. 16 at 20-22 (arguing Thomas' claim related to the sentencing court's supposed use of unadjudicated offenses is meritless). Regardless, it is petitioner's burden to prove ineffectiveness, and what the Commonwealth chooses to argue—or not argue—does not change that the petitioner has the burden of proof. *See Strickland*, 466 U.S. at 687-88, 694 (noting the petitioner must prove both that "counsel's representation fell below an objective standard of reasonableness," and counsel's "errors were so serious as to deprive the defendant of a fair trial" to successfully assert an ineffectiveness claim).

## IV.   CONCLUSION

The habeas court properly denied Thomas' petition without a hearing, and his objections to the R&R are meritless. Accordingly, the Court will overrule the objections, approve and adopt the R&R, and deny Thomas' 60(b) motion. There is no basis for the issuance of a certificate of appealability.

An appropriate order follows.

BY THE COURT:

_____
MARY KAY COSTELLO, J.

---

[3] The habeas court did not deny Thomas' petition solely because his claims lacked merit. It first found that because the Superior Court concluded the sentencing court did not err, Thomas' claim related to the court's consideration of unadjudicated offenses was non-cognizable on habeas review. ECF No. 23 at 18. It further found that his claim that the sentencing court violated due process by considering unadjudicated offenses was procedurally defaulted, because Thomas only challenged the sentencing court's conduct under state law. *Id*.